UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHERINE PAPASAN, et al., <br> Plaintiffs, <br> v. <br> DOMETIC CORPORATION, <br> Defendant. | Case No. 16-cv-02117-HSG <br><br> **ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE** <br><br> Re: Dkt. No. 83 |

Currently pending before the Court is Defendant Dometic Corporation's motion to transfer venue to the Southern District of Florida. Dkt. No. 83 ("Mot."). Defendant filed the motion on October 20, 2017. *Id.* On November 3, 2017, Plaintiffs Catherine Papasan, Nelson Goehle, Andrew Young, Christopher Johnston, Jimmy Byers, and Richard and Leah Vollberg (collectively, "Plaintiffs") filed a response. Dkt. No. 86 ("Opp.").[1] Defendant replied on November 13, 2017. Dkt. No. 91 ("Reply").

On January 4, 2018, the parties argued the motion. Dkt. No. 106. At oral argument, the parties addressed whether Defendant's transfer motion could be mooted by Plaintiffs' then-pending request for centralization and transfer under 28 U.S.C. § 1407. *See* Dkt. No. 107 ("Hr'g Transcript") at 4:8-7:8. Plaintiffs brought that motion on October 30, 2017 before the United States Judicial Panel on Multidistrict Litigation (the "MDL Panel"). *See* Dkt. No. 1 (the "MDL Brief"), *IN RE: Dometic Gas Absorption Refrigerator Prod. Liab. Litig.*, MDL No. 2811 (J.P.M.L. Oct. 13, 2017) (the "MDL Action"). The question before the MDL Panel was whether this action should be consolidated with two cases residing in the Southern District of Florida and one action

---

[1] After Plaintiffs filed their opposition, Plaintiffs submitted a second amended complaint that added named parties and allegations. *See* Dkt. No. 93 ("SAC").

ongoing in the Central District of California. *See* Dkt. No. 109, Schedule A (listing the litigation as consisting of *Varner, et al. v. Dometic Corporation*, C.A. No. 1:16-22482, *Zucconi, et al. v. Dometic Corporation*, C.A. No. 1:17-23197, and *Zimmer, et al. v. Dometic Corporation*, C.A. No. 2:17-06913).[2]

On January 30, 2018, the MDL Panel issued an order denying Plaintiffs' motion. Dkt. No. 109. Following the MDL Panel's decision, the Court again heard argument on Defendant's motion. After carefully considering the parties' arguments, the Court **GRANTS** Defendant's motion.

I. **LEGAL STANDARD**

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). The purpose of this statute is "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal quotation marks omitted). The moving party bears the burden of showing that the transferee district is a "more appropriate forum." *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 499 (9th Cir. 2000). The district court has broad discretion in deciding whether or not to transfer. *See Ventress v. Japan Airlines*, 486 F.3d 1111, 1118 (9th Cir. 2007).

The Court's transfer inquiry proceeds in two steps. First, the Court determines "whether the transferee district was one in which the action might have been brought by the plaintiff." *Hoffman v. Blaski*, 363 U.S. 335, 343–44 (1960) (internal quotation marks omitted). If so, the Court conducts "an individualized" case-specific analysis of convenience and fairness. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, (1988) (internal quotation marks omitted). In this district, courts typically consider the following factors: (1) plaintiffs' choice of forum, (2)

---

[2] As the MDL Panel noted, *Varner* and *Zucconi* were consolidated under Fed. R. Civ. P. 42 in September 2017. *See* Dkt. No. 109 at 1 n.1. *Varner* was dismissed on July 27, 2017, and thus only *Zucconi* remains pending on the consolidated docket. *Id.*

convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time to trial in each forum. *See, e.g.*, *Ironworks Patents LLC v. Samsung Elecs. Co.*, No. 17-cv-01958-HSG, 2017 WL 3007066, at *2 (N.D. Cal. July 14, 2017); *Perez v. Performance Food Grp., Inc.*, No. 15-cv-02390-HSG, 2017 WL 66874, at *2 (N.D. Cal. Jan. 6, 2017); *Brown v. Abercrombie & Fitch Co.*, No. 4:13-cv-05205 YGR, 2014 WL 715082, at *2 (N.D. Cal. Feb. 14, 2014).[3] "This list is non-exclusive, and courts may consider other factors, or only those factors which are pertinent to the case at hand." *Martin v. Glob. Tel*Link Corp.*, No. 15-cv-00449-YGR, 2015 WL 2124379, at *2 (N.D. Cal. May 6, 2015).

## II. DISCUSSION

Plaintiffs do not dispute that this action could have brought in the Southern District of Florida. *See* Mot. at 15–17; Reply at 15 n.10. The Court therefore turns directly to the second step of its transfer analysis. Plaintiffs assert that the majority of the factors above disfavor transfer. Plaintiffs, for instance, argue that transfer is inconvenient because key witnesses and counsel for the parties are not based in Florida. *See* Opp. at 12–14. In addition, Plaintiffs contend that there is little benefit to litigating this action alongside *Varner*/*Zucconi* because those cases involve different facts and evidence. *See* Opp. at 15. According to Plaintiffs, transfer would also be prejudicial due to the relatively advanced state of this litigation.

The Court disagrees. To begin, Plaintiffs made numerous representations in their MDL Brief that contradict these claims. Broadly, Plaintiffs asserted that: (1) the cases before the MDL Panel (i.e., *Varner*/*Zucconi, Zimmer*, and this litigation) share a "common core of operative factual allegations" that "predominate over individual questions of fact" specific to any one action; (2) there were "efficiencies to be gained through coordinated discovery and motion practice" that

---

[3] These factors are also "[c]onsistent" with Ninth Circuit precedent. *See Wilson v. Walgreen Co.*, No. C-11-2930 EMC, 2011 WL 4345079, at *2 (N.D. Cal. Sept. 14, 2011); *see also Jones*, 211 F.3d at 498–99 (listing examples of factors that courts may consider).

3

would "minimize duplication of effort and burden on all parties"; and (3) centralization would "minimize the risk of inconsistent rulings," and accordingly, a propensity for "forum and judge shopping." MDL Brief at 2, 6–8, 11. Plaintiffs stated that, "[a]bsent transfer, the federal court system will be forced to administer—and Defendant will be compelled to defend—these related actions across multiple venues, all proceeding on potentially different pretrial schedules and subject to different judicial decision-making and local procedural requirements." *Id.* at 8–9. Though Plaintiffs argued that there would be advantages to transferring the consolidated litigation to this Court, Plaintiffs did so independently of setting forth centralization's broad benefits. *See id.* at 12–15.

In light of Plaintiffs' statements, the balance of the transfer factors tips in Defendant's favor. With respect to Plaintiffs' choice of forum, that selection is given less weight where, as here, Plaintiffs seek to represent a class. *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) ("[W]hen an individual brings a derivative suit or represents a class, the named plaintiff's choice of forum is given less weight."). In addition, "where the plaintiff resides outside of the chosen forum, his choice of forum is entitled to less weight." *Ambriz v. Matheson Tri-Gas*, No. C 14-1041 CW, 2014 WL 2753886, at *2 (N.D. Cal. June 9, 2014). At the time that Defendant filed its motion, six of the seven named Plaintiffs lived outside of California, and two named Plaintiffs lived in Florida. *See* Mot. at 9. Of the sixteen Plaintiffs named in the second amended complaint, thirteen reside outside of California. *See* SAC ¶¶ 17, 26, 37, 49, 56, 65, 76, 88, 99, 110, 121, 132. Four of the named Plaintiffs now reside in Florida. *See id.* The substantial number of non-resident named Plaintiffs cuts against Plaintiffs' claim that it is more convenient for the parties to litigate here.

With respect to expediency, Plaintiffs' MDL Brief detailed the ways that centralization in one district, with coordinated discovery, would "minimize duplication of effort and burden on all parties." MDL Brief at 8. At this stage, any inconvenience associated with Florida travel is outweighed by transfer's efficiency gains. Not only has *Varner*/*Zucconi* long-resided in the Southern District of Florida, but now *Zimmer* will be litigated there as well. *See* Dkt. No. 121, Ex.

A.[4]  Considering that Defendant is named in all three cases, and that those cases share a common factual core, there will almost certainly be overlapping witnesses. *See* MDL Brief at 7–8 (describing the shared factual inquiry as "whether Defendant designed, manufactured, marketed and sold defective gas absorption refrigerators"); Mot. at 13. And even if one action presents unique facts, Plaintiffs acknowledge that the cases' commonalities predominate over their differences. *See* MDL Brief at 2, 6–7. Given this overlap, it is feasible that this case will be consolidated with *Varner/Zucconi* and *Zimmer* upon transfer. *See* Mot. at 11–12. Thus, this factor too weighs in favor of transfer.

The Court cannot say based on the litigation's stage that it has greater knowledge, as compared to the Southern District of Florida, of the legal issues underlying these actions. This case remains at the pleading stage, and the Court has ruled on one of two motions to dismiss. *See* Mot. at 11. Plaintiffs do not dispute that Judge Scola in the Southern District of Florida has rendered three substantive decisions in *Varner*/*Zucconi*—one on a motion to dismiss, another on a motion for summary judgment, and the third on a motion for reconsideration. *See id.*; Opp. at 14–16. As a result, both courts have become familiar with the disparate state doctrines governing Plaintiffs' claims. And again, Plaintiffs acknowledge that this action shares a common factual core with *Varner/Zucconi* and *Zimmer*. In considering the relative degree of judicial congestion, Plaintiffs admit that this district's median time for civil cases is greater than that of the Southern District of Florida. *See* Opp. at 16. Plaintiffs fail to cite any authority for their proposition that, in evaluating this factor, the Court should assess the length of time that this particular case has been pending.

As to the interests of justice, Plaintiffs argue that transfer to the Southern District of Florida would create unfairness, disruption, and delay. *See* Opp. at 17–18. But Plaintiffs in their MDL Brief acknowledge that "transfer to a single district court is appropriate for the just and efficient resolution of these cases." MDL Brief at 12. Defendant subsequently agreed. Mot. at

---

[4] As in this case, Defendant brought a motion to transfer the *Zimmer* action from the Central District of California to the Southern District of Florida. *See* Dkt. No. 121, Ex. A. The Court in *Zimmer* granted that motion on February 22, 2018, approximately one month after the MDL Panel's decision denying section 1407 centralization. *Id.*

5

14. Even aside from expediency, Plaintiffs admit that transfer will reduce the risk of inconsistent rulings. MDL Brief at 11. Judicial inconsistency, in turn, "encourages forum and judge shopping (including, for example, manipulation of non-congruent discovery limits, approaches to electronically stored information, and protective order issues.)."[5] *Id.* The prospect of such unfairness supports transferring this action to the Southern District of Florida. *See, e.g.*, *Jolly v. Purdue Pharma L.P.*, No. 05-CV-1452H, 2005 WL 2439197, at *2 (S.D. Cal. Sept. 28, 2005) ("Litigation of related claims in the same tribunal is strongly favored because it facilitates efficient, economical and expeditious pre-trial proceedings and discovery and avoid duplicitous litigation and inconsistent results.") (internal quotations and alteration omitted). In view of the overall fairness, convenience, and efficiency gains, the Court concludes that the benefits of transfer outweigh the disadvantages, and that the Southern District of Florida is a more appropriate forum for this case.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's motion to transfer venue. The Clerk is **DIRECTED** to transfer the case to the Southern District of Florida, and to close the file.

**IT IS SO ORDERED.**

Dated: 3/16/18

*Haywood S. Gilliam, Jr.*
HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[5] Plaintiffs argue that transfer is inappropriate under the "first to file" rule, which is designed to prevent forum shopping. *See* Opp. at 7–10. But the first to file rule "is not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982). Given the substantial advantages to transfer, including a reduced risk of forum shopping, the Court finds that the rule does not preclude transfer here.

6